ADANTÉ POINTER, ESQ., SBN 236229
PATRICK BUELNA, ESQ., SBN 317043
ANGEL ALEXANDER, ESQ., PL-492703
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: Aalexander@LawyersFTP.com

Attorneys for Plaintiffs
CLAUDELL ROBERTS and S.R.

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLAUDELL ROBERTS, an individual; S.R., a minor, by and though his Guardian Ad Litem CLAUDELL ROBERTS,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, a municipal corporation; and DOES 1-50, inclusive.<br><br>Defendants. | COMPLAINT FOR DAMAGES<br>(42 U.S.C. §1983)<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1. This lawsuit arises from the actions of a yet-to-be identified Sacramento County Sheriff's Deputy who, while Plaintiff Claudell Roberts, was complying with the Deputy's commands, and well after he had been apprehended, unlawfully directed a police canine to attack Plaintiff. As a result of the yet-to-be identified Sacramento County Sheriff's Deputy's egregious

acts, the police dog viciously mauled Mr. Roberts in front of his minor son, Plaintiff S.R., for an extended period of time, after Mr. Roberts peacefully submitted to the Deputies, causing Mr. Roberts to suffer serious injuries and scarring to his back, shoulder, and side, as well as causing his son to suffer serious emotional distress, pain, suffering, and humiliation.

## JURISDICTION

2.     This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Antelope, California, and County of Sacramento, California, which is within this judicial district.

## PARTIES

3.     Plaintiff CLAUDELL ROBERTS (hereinafter "Plaintiff" or "Plaintiff Roberts"), is a competent adult of majority age.

4.     Plaintiff S.R. (hereinafter "Plaintiff S.R." or "S.R."), is a minor and brings this suit by and through his Guardian Ad Litem, CLAUDELL ROBERTS. S.R. is the biological child of Plaintiff Roberts.

5.     Defendant COUNTY OF SACRAMENTO (hereinafter "Defendant County" or "County") is a municipal corporation, duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Sacramento County Sheriff's Department and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant County was the employer of Defendants and DOES 1-50, individually and as peace officers.

6.     Plaintiffs are ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 50, inclusive. Plaintiffs will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiffs.

Plaintiffs are informed and believe, and thereon allege that DOES 1 through 50, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 50, inclusive, when they have been ascertained.

7. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the County of Sacramento.

8. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

9. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

10. Plaintiffs filed a timely government tort claim, and the County of Sacramento rejected the claim by operation of law.

**FACTUAL ALLEGATIONS**

11. On December 31, 2021, at around 1:30 a.m., Plaintiff Roberts was driving in his car, while unknowingly being followed by yet-to-be identified Sacramento County Sheriff's Deputies. As Plaintiff Roberts looked for a parking spot, he noticed a black car with tinted windows driving slowly behind him.

12. Concerned for his safety because it was so late at night, Plaintiff Roberts began to drive away to avoid the suspicious vehicle. Upon realizing that his pursuer was a police officer,

Plaintiff Roberts pulled back into his driveway at home and stopped his vehicle. Upon stopping, Plaintiff Roberts was ordered out of his vehicle by a yet-to-be identified Sacramento County Sheriff's Deputy, who was accompanied by a canine officer.

13. Plaintiff Roberts immediately complied with the command and exited his vehicle with his hands above his head. Then, inexplicably, the yet-to-be identified Deputy released his canine officer, which attacked Plaintiff Roberts, latching on to his arm and hand. Plaintiff Roberts had no weapons, and presented no immediate or imminent threat to the Deputy or the canine officer. The Deputy then slammed Plaintiff Roberts face down onto the pavement, all while the canine officer viciously ripped at Plaintiff Roberts' flesh.

14. Once on the ground, the yet-to-be identified Deputy ordered Plaintiff Roberts to give him his hands, and indicated that he would not call off the canine officer until Plaintiff Roberts put both hands out. This of course was an impossible task, as the canine officer continued to attack one of Plaintiff Roberts' arm.

16. Plaintiff Roberts continued to plead with the Deputies to call off the canine officer. However, the yet-to-be identified Sheriff's Deputies continued to hold Plaintiff Roberts down for nearly a minute, despite his peaceful submission as the canine officer continued to viciously tear at the flesh on his back, shoulder, and side.

17. Plaintiff Roberts' violent attack occurred in front of his home and was witnessed in its entirety by his minor son, Plaintiff S.R., causing S.R. to suffer serious emotional distress, pain, suffering, and humiliation.

18. Plaintiff Roberts was transported by Sacramento County Sheriff's Deputies to the Mercy San Juan Hospital, where he was admitted to the emergency room and was treated for numerous bite wounds across his body.

19. The involved Sacramento County Sheriff's Deputies failed to make any reasonable efforts to quickly restrain Plaintiff Roberts without using excessive force. Instead, the Sheriff's

Deputies recklessly released the canine officer and directed it to attack Plaintiff Roberts within mere seconds of approaching him, failing to provide Plaintiff Roberts the opportunity to comply with their commands. Additionally, the Deputy failed to call off the canine officer despite Plaintiff Roberts' peaceful submission.

## DAMAGES

22.  As a consequence of Defendants' violations of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiffs were physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

23.  Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiffs are also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Fourth Amendment – Excessive Force under 42 U.S.C. § 1983)**
*(PLAINTIFF CLAUDELL ROBERTS against Defendants DOES 1-25)*

24.  Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

25.  When yet-to-be identified Sheriff's Deputies set the canine officer on Plaintiff Roberts without giving him an opportunity to peacefully submit to their commands, and continued to allow the canine officer to maul Plaintiff Roberts after he was subdued and while his hands were being restrained, the Deputies used unreasonable force, depriving Plaintiff Roberts of his right to be secure in his person against unreasonable searches and seizures as guaranteed to

Plaintiff Roberts under the Fourth Amendment of the United States Constitution. The yet-to-be identified Sheriff's Deputies did not have a lawful basis to use force against Plaintiff Roberts after he had already peacefully submitted, which violated their training and Plaintiff Roberts' constitutional rights under the Fourth Amendment.

26. As a result of their misconduct, the yet-to-be identified Sheriff's Deputies are liable for Plaintiff Roberts' injuries, either because they were integral participants in the excessive force or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. § 1983)**
(*PLAINTIFF CLAUDELL ROBERTS* against Defendant *COUNTY OF SACRAMENTO* and *DOES 26-50*)

27. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

28. Plaintiffs are informed and believe and thereon allege that high ranking COUNTY OF SACRAMENTO officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Defendant Deputy Does unlawfully set a canine officer on Plaintiff Roberts when he was obeying the Deputies' commands and allowed the canine officer to maul Plaintiff Roberts in front of his minor son, S.R., long after Plaintiff Roberts peacefully submitted and was restrained. Given that this is just the latest use of excessive force incident in a string of recent and egregious excessive force incidents by Sacramento County Sheriff's Deputies. For example,

  a) In January 2020, the County agreed to pay $1.7 million dollars to a

family because a deputy shot a man in the back while running away.[1]

b) In January 2018, Sacramento County deputies falsely arrested and tore the shoulder muscle of an innocent father walking groceries back to his family requiring shoulder surgery to repair.[2]

c) In September 2017, a jury awarded $6.5 million dollars to the family of a schizophrenic man who was shot and killed in his home in North Highlands, CA by Sacramento County Sheriff's Deputy McEntire.[3]

d) In October 2016, the County settled a case of excessive for $200,000 after video camera footage caught Deputy Pfeifer beating a man with his flashlight causing a broken nose, broken ribs, a concussion, and a large gash above his left eye. "The settlement mark[ed] the third time since 2010 the county treasury has been tapped as a result of lawsuits alleging Pfeifer used his flashlight to beat suspects, and it is the second such case where the deputy was captured on videotape."[4]

e) On July 19, 2017, a Sacramento County Sheriff's Deputy shot and killed Nolan Cornett within seconds of arriving after Mr. Cornett's mother had called for Mr. Cornett to be detained for a mental health evaluation.[5]

29. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants, and DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. Defendant Doe Deputies set a canine officer on a man who was cooperating with the deputies' orders and allowed the canine officer to continuously maul him

---

[1] https://www.abc10.com/article/news/local/rancho-cordova/sacramento-county-settles-wrongful-death-suit-for-17-million/103-46a2c6ea-1534-479e-ba89-38e48e0bea5e
[2] *Powell v. County of Sacramento*, Case No.: 2:18−CV−02123−JAM−DB
[3] https://www.sacbee.com/news/local/article175822361.html
[4] https://www.sacbee.com/news/investigations/the-public-eye/article107619287.html
[5] *Arispe v. Sacramento County*, Case No: 2:18-cv-02017-JAM-AC

after he was restrained. Officials have not disciplined and/or retrained these officers, despite clear departmental and constitutional violations.

    30.    Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 26-50, and/or each of them, these officers were encouraged to continue their course of misconduct, resulting in the violation of Plaintiffs' rights as alleged herein.

    31.    As against Defendant COUNTY OF SACRAMENTO, Defendants and/or DOES 1-50 in his/their capacity as sheriff's deputies for the COUNTY OF SACRAMENTO, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the COUNTY OF SACRAMENTO SHERIFF'S DEPARTMENT, which is tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the deputies in the excessive force incidents aforementioned in paragraph 28 (a-e), as well as the one underlying this complaint, have not been disciplined and/or re-trained.

    32.    The unconstitutional actions and/or omissions of Defendants and DOES 1-25, as well as other officers employed by or acting on behalf of Defendant COUNTY OF SACRAMENTO, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the SACRAMENTO COUNTY SHERIFF'S DEPARTMENT stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for COUNTY OF SACRAMENTO:

    a.    To cover-up violations of constitutional rights by any or all of the following:

        i.    by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

    ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

    iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

  b. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and

  c. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

  d. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint with deliberate indifference to the rights and safety of Plaintiffs and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

33. Defendants COUNTY OF SACRAMENTO and DOES 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Officers, and DOES 1-25, and other COUNTY OF SACRAMENTO Police personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

34. The unconstitutional actions and/or omissions of Defendants and DOES 1-25, and other COUNTY OF SACRAMENTO personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the Sacramento County Sheriff's Department. Plaintiffs are informed and believe, and thereupon allege the details of this incident have been revealed to the authorized policy makers within COUNTY OF SACRAMENTO, and that such policy makers have direct knowledge of the fact that the use of force on Plaintiff Claudell Roberts was not justified, but rather represented an unconstitutional use of unreasonable force. Notwithstanding this knowledge, the authorized policy makers within COUNTY OF SACRAMENTO have approved Defendant Deputies' grossly excessive and biased use of force on Plaintiff Roberts. By so doing, the authorized policy makers within the COUNTY OF SACRAMENTO and the Sacramento County Sheriff's Department have shown affirmative agreement with the actions of Defendants Deputies DOES 1-25, and have ratified the unconstitutional acts of Defendants Deputies DOES 1-25.

35. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant COUNTY OF SACRAMENTO and DOES 26-50, were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in Causes of Action 1 and 2, above.

36. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

37. As a direct and proximate result of the unconstitutional actions, omissions,

customs, policies, practices, and procedures of Defendants COUNTY OF SACRAMENTO and DOES 26-50 as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(PLAINTIFF CLAUDELL ROBERTS against Defendants COUNTY OF SACRAMENTO and DOES 1-50)*

38. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

40. By their conduct described herein, Defendants and DOES 1-50, acting in concert/conspiracy, as described above, violated Plaintiff Roberts' rights under California Civil Code §52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

   a. Plaintiff Roberts' right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

   b. Plaintiff Roberts' right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution.

41. Excessive force, which violates the Fourth Amendment, also violates the Bane Act. Defendants' use of unlawful force against Plaintiff Roberts, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

42. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless

disregard for Plaintiff Roberts' rights; none was accidental or merely negligent.

43. Alternatively, Defendants violated Plaintiff Roberts' rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

   a. Threatening Plaintiff Roberts in the absence of any threat presented by Plaintiff Roberts or any justification whatsoever;
   b. Using deliberately reckless and provocative tactics to apprehend Plaintiff Roberts in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff Roberts' rights;
   c. Defendants striking and/or physically accosting Plaintiff Roberts in the absence of any threat or need for such force;
   d. Threatening violence against Plaintiff Roberts, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);
   e. Using excessive, unreasonable, and unjustified force against Plaintiff Roberts while he attempted to comply with the officers;
   f. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

44. Defendant COUNTY OF SACRAMENTO is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

45. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff Roberts sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, including punitive damages against Defendants and DOES 1-25, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorney's fees, treble damages, and civil penalties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Assault and Battery – Violation of CALIFORNIA PENAL CODE § 242)**
*(PLAINTIFF CLAUDELL ROBERTS against Defendants COUNTY OF SACRAMENTO and DOES 1-25)*

46. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

47. Defendants, while working as employees for the Defendant COUNTY OF SACRAMENTO Sheriff's Department and acting within the course and scope of their duties, intentionally struck and/or injured Plaintiff Roberts when they sent a canine officer to maul Plaintiff Roberts without a lawful basis and allowed the canine officer to maul Plaintiff Roberts after he was restrained.

48. As a result of the actions of the Defendants, Plaintiff Roberts suffered severe physical and emotional injuries. Defendants and DOES 1-25 did not have legal justification for using force against Plaintiff Roberts after he had submitted, and Defendants' use of force while carrying out their duties was an unreasonable use of force and thus constituted assault and battery.

49. Defendant COUNTY OF SACRAMENTO is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

50. As a direct and proximate result of Defendants' assault and battery of Plaintiff Roberts, Plaintiff Roberts sustained injuries and damages, and is entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Negligence)**
*(PLAINTIFF CLAUDELL ROBERTS against Defendants COUNTY OF SACRAMENTO and DOES 1-25)*

51. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph

of this Complaint, except any reference to intentional conduct.

52. At all times, Defendants and DOES 1-25 owed Plaintiff Roberts the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

53. At all times, Defendants and DOES 1-25 owed Plaintiff Roberts the duty to act with reasonable care.

54. These general duties of reasonable care and due care owed to Plaintiff Roberts by Defendants include, but are not limited to the following specific obligations:

    a. to refrain from using excessive and/or unreasonable force against Plaintiff Roberts;

    b. to refrain from unreasonably creating the situation where force, including, but not limited to excessive force, is used;

    c. to refrain from abusing their authority granted them by law;

    d. to refrain from violating Plaintiff Roberts' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

55. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff Roberts.

56. Defendant COUNTY OF SACRAMENTO is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code § 815.2.

57. As a direct and proximate result of Defendants' negligence, Plaintiff Roberts sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
(*PLAINTIFF S.R. against Defendants COUNTY OF SACRAMENTO* and *DOES 1-25*, inclusive)

58. Plaintiffs re-allege and incorporate by reference each and every paragraph of this Complaint.

59. Defendants' above-described conduct and physical injuries to Plaintiff Claudell Roberts was witnessed in its entirety by his son, Plaintiff S.R. Defendants allowed a canine officer to viciously maul Plaintiff Claudell Roberts for an extended period of time without legal justification, the sight of which caused Plaintiff' Roberts' minor son, S.R., to suffer serious emotional distress.

60. Defendant COUNTY OF SACRAMENTO is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

61. In engaging in the above-described conduct, Defendants' negligence was a substantial factor in causing Plaintiff S.R.'s serious emotional distress.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## JURY DEMAND

62. Plaintiffs hereby demands a jury trial in this action.

## PRAYER

Wherefore, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages, including, but not limited to income and support, medical expenses, and other special damages in a sum to be determined according by proof;
3. For punitive damages against all Defendants in a sum according to proof;
4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by

California and/or federal law against Defendant County and its employees;

5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Date: November 1, 2022                    Respectfully submitted,

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
ADANTE D. POINTER
ANGEL ALEXANDER
Counsel for Plaintiffs