UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Claudell Roberts, et al., | No. 2:22-cv-01974-KJM-AC |
| Plaintiffs, | ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

Plaintiffs Claudell Roberts and his minor son, S.R., bring this civil rights action against defendants Sacramento County and its former Sheriff, Scott Jones. Defendants move to dismiss plaintiffs' second claim for municipal and supervisory liability under 42 U.S.C. § 1983. As explained below, because plaintiffs do not allege sufficient facts to support this claim, defendants' motion is **granted** and the **second claim is dismissed with leave to amend**.

The applicable legal standard is well established and need not be reiterated here. Mot. at 3–4, ECF No. 18-1 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and *Aschroft v. Iqbal*, 556 U.S. 662, 677–80 (2009)); Opp'n at 4–5, ECF No. 20 (same)).

As relevant here, plaintiffs claim Sacramento County is liable for their injuries caused by a police officer and his canine because the County maintains an unconstitutional custom or policy to keep canines "on the bite" until the person's hands are in handcuffs. Compl. ¶ 28, ECF No. 1. They also allege Sheriff Jones is liable for enacting, approving and ratifying this policy. *Id.* The

motion is fully briefed, Mot.; Opp'n; Reply, ECF No. 22, and the court submitted it without hearing oral argument, Min. Order, ECF No. 23.

The court takes the claims in turn. First, plaintiffs have not alleged sufficient facts to make it plausible plaintiffs could ultimately prove the County has a policy or custom that caused the alleged constitutional violations. To prevail on a § 1983 claim against a local government, a plaintiff must ultimately show a deprivation of constitutional rights attributable to municipal policy, which exhibits deliberate indifference to those rights. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073, 1075 (9th Cir. 2016) (en banc). The Ninth Circuit has identified several situations when local government conduct equates to policy, such as an official policy and a widespread practice. *Horton by Horton v. City of Santa Monica*, 915 F.3d 592, 602–03 (9th Cir. 2019). Here, plaintiffs put forward a single allegation to support municipal liability: the County has a policy to keep canines on the bite after a person complies with the officer. Compl. ¶ 28. This allegation amounts to no more than a conclusion. *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009). In their brief, plaintiffs argue, for the first time, a "K9 and Use of Force policy" authorizes the officer's conduct, but the complaint does not mention or otherwise contain factual allegations about this policy, so the court cannot consider those purported facts at this stage. *See* Opp'n at 6.

Second, plaintiffs have not alleged sufficient facts to make it plausible plaintiffs could show Sheriff Jones is liable for the alleged constitutional violation. Supervisory officials are liable under § 1983 when they are personally involved in the constitutional violation or when there is a sufficient causal connection between their conduct and the constitutional violation. *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018). Plaintiffs put forward a single sentence in support of the claim: the unconstitutional "training and policy was enacted, approved and ratified by the Sacramento County high-rank supervisors and former Sheriff" Scott Jones. Compl. ¶ 28. Without more, the complaint lacks "[s]ufficient factual matter" to make this conclusion plausible. *Iqbal*, 556 U.S. at 678.

These shortcomings could be corrected by amendment, so the court grants the motion with leave to amend. *See, e.g.*, *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016).

2

1	In sum, the court **grants** the motion to dismiss the complaint's second claim **with leave to**
2	**amend**.  Any amended complaint **must be filed within twenty-one days**.
3	This order resolves ECF No. 18.
4	IT IS SO ORDERED.
5	DATED:  March 15, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE